UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| TIMOTHY BROWN, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) Case No. 4:19-CV-1236-AKK |
| | ) |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | ) |
| | ) |
| Defendant | ) |

# MEMORANDUM OPINION

Timothy Brown brings this action pursuant to 42 U.S.C. § 405(g), seeking review of the final adverse decision of the Commissioner of the Social Security Administration ("SSA"). For the reasons explained below, the court finds that the Administrative Law Judge ("ALJ") applied the correct legal standards and that the ALJ's decision, which has become the final decision by the Commissioner, is supported by substantial evidence. Therefore, the court will affirm the decision denying benefits.

## I.

Brown worked for more than thirty years before filing applications for disability insurance benefits and supplemental security income, alleging that he suffered from a disability beginning October 5, 2016, due to severe diabetes,

peripheral neuropathy, and arthritis. R. 21, 37, 153. The SSA denied Brown's applications, and he requested a formal hearing. R. 21, 90. After the hearing, an ALJ issued a decision finding that Brown was not disabled. R. 21-30. The Appeals Council denied Brown's request for review and summarily affirmed, rendering the ALJ's decision the final decision of the Commissioner. R. 1-6. Having exhausted his administrative remedies, Brown filed this action pursuant to 42 U.S.C. §§ 1383(c)(3) and 405(g).

## II.

The only issues before this court are whether the record contains substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the ALJ applied the correct legal standards, *see Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Title 42 U.S.C. §§ 405(g) and 1383(c) mandate that the Commissioner's "factual findings are conclusive if supported by 'substantial evidence.'" *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is "'reasonable and supported by substantial evidence.'" *Id.* (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "'[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" *Martin*, 894 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239). If supported by substantial evidence, the court must affirm the Commissioner's factual findings even if the evidence preponderates against those findings. *See id.* While judicial review of the ALJ's findings is limited in scope, it "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

In contrast to the deferential review accorded the Commissioner's factual findings, "conclusions of law, including applicable review standards, are not presumed valid" and are subject to de novo review. *Martin*, 894 F.2d at 1529. The Commissioner's failure to "apply the correct legal standards or to provide the reviewing court with sufficient basis for a determination that proper legal principles have been followed" requires reversal. *Id.*

### III.

To qualify for disability benefits, a claimant must show the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i)(1). A physical or mental impairment is "an impairment that results from anatomical, physiological, or

psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Determination of disability under the Social Security Act requires a five-step analysis. 20 C.F.R. § 404.1520(a). Specifically, the ALJ must determine in sequence:

(1)  whether the claimant is currently unemployed;

(2)  whether the claimant has a severe impairment;

(3)  whether the impairment meets or equals one listed by the Secretary;

(4)  whether the claimant is unable to perform his or her past work; and

(5)  whether the claimant is unable to perform any work in the national economy.

*See McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *Id.* (citing 20 C.F.R. § 416.920(a)-(f)). "Once [a] finding is made that a claimant cannot return to prior work the burden of proof shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). However, the claimant ultimately bears the burden of proving that he is disabled, and, "consequently he is responsible for producing evidence in support of his claim." *See, e.g.*, *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (citing 20 C.F.R. § 416.945(a), (c)).

## IV.

In performing the five-step analysis, the ALJ first determined that Brown had "not engaged in substantial gainful activity since October 5, 2016, the alleged onset date . . . ." R. 23. Accordingly, the ALJ proceeded to Step Two, finding that Brown had the following severe impairments: diabetes mellitus and peripheral neuropathy. R. 23. At Step Three, the ALJ found that none of Brown's impairments, considered singly or in combination, met or "medically equal[ed] the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 . . . ." R. 25. The ALJ then determined Brown's residual functional capacity ("RFC"), finding that, based on all of Brown's impairments, Brown could:

> perform light work as defined in 20 CFR 4040.1567(b) except [Brown] can frequently, handle, finger and feel. [Brown] can frequently climb ramp and stairs, but never climb ladders, ropes or scaffolds. [Brown] must avoid even concentrated exposure to hazards such as machinery and unprotected heights.

R. 26. Proceeding to Step Four, and with the aid of a Vocational Expert (VE), the ALJ determined that Brown could not return to his past relevant work. R. 28. However, the ALJ concluded that Brown has transferable skills from his past work. R. 29. And at Step Five, the ALJ found that, based on Brown's age, education, work experience, transferable skills, and the VE's testimony, other jobs exist in significant numbers in the national economy that Brown can perform. R. 29. Thus, the ALJ

concluded that Brown was not disabled from the alleged onset date through the date of her decision. R. 30.

## V.

On appeal, Brown argues that (1) the ALJ failed to properly apply the pain standard, (2) the Appeals Council failed to consider new, material, and chronologically relevant evidence, and (3) the ALJ's decision is not based on substantial evidence. Doc. 9.[1] The court addresses each of these contentions in turn.

### A.

Brown contends that the ALJ erred by failing to properly apply the pain standard when discounting Brown's subjective complaints of pain. Doc. 9 at 2-6. When, as here, the plaintiff alleges disability because of pain, he must present "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *See* 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 404.1529; *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (citation omitted). Thus, a plaintiff's "subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." *Id.* (citations omitted). However, an ALJ may

---

[1] Initially, Brown also argued that the ALJ should have found Brown disabled pursuant to Grid Rule 201.14, doc. 7 at 1, 12, but Brown withdrew that argument, doc. 9 at 8.

properly discredit a claimant's subjective testimony if the ALJ clearly articulates her reason for doing so and substantial evidence supports the ALJ's finding. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1561-62 (11th Cir. 1995).

At the administrative hearing, Brown testified that he can no longer work due primarily to pain in his feet from peripheral neuropathy. *See* R. 41-43. In particular, Brown testified that he had pain in his feet, hands, and back; he could no longer wear steel-toed boots; he could not stand for more than ten to fifteen minutes at a time, or sit for more than thirty minutes without needing to stand; he could not climb up and down a ladder due to numbness in his feet; he had difficulty with basic tasks, including walking up or down three steps to his porch; and he could not lift more than ten pounds due to pain. R. 42-43, 46, 48-50, 60. Brown also testified that he suffers from fatigue and at times requires naps due to issues with his diabetes and blood sugar. R. 44-45, 63. Brown also reported that he had trouble sleeping due to pain in his legs. R. 193. After considering these subjective claims of pain, the ALJ found that while Brown's "medically determinable impairments could reasonably be expected to cause the alleged symptoms [], [Brown's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence . . . ." R. 27.

Brown disagrees and contends that the ALJ improperly applied the pain standard in reaching her finding. But, Brown fails to explain how the ALJ erred or point to any record that the ALJ mischaracterized or did not consider. *See* doc. 7 at 10-12. Thus, Brown "gives neither the Commissioner nor the court any guidance about [his] argument aside from the fact that [he] asserts the existence of an error." *Morgan v. Soc. Sec. Admin., Comm'r*, No. 4:17-cv-01148-ACA, 2019 WL 1466259, at *3 (N.D. Ala. Apr. 3, 2019). Therefore, because "[i]ssues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived," *N.L.R.B. v. McClain of Georgia, Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998), Brown has failed to establish reversible error.

Moreover, substantial evidence supports the ALJ's decision to discount Brown's subjective testimony. As the ALJ noted, Brown's medical records from the relevant time period consistently show that Brown had normal gait, motor function, range of motion, and strength. R. 27, 347, 385-86, 390, 425. The records include a report from Dr. Biswa Battacharyya, a primary care physician, who referred Brown for a lumbar spine AP test, or x-ray, in June 2016, and which showed normal alignment with no significant degenerative changes and minimal anterolisthesis in an otherwise normal study. R. 373. Similarly, in 2017, an x-ray of Brown's hands and lower extremities revealed normal alignment and well-preserved joints. R. 387. In addition, at several visits in 2017, Brown reported to Dr. Mohammad Zaman, a

primary care physician, that he had some swelling in his extremities but that he had no muscle aches, joint pain, back pain, difficulty walking, or exercise intolerance. R. 385-86, 389, 424-25.  As the ALJ noted, these medical records are inconsistent with Brown's testimony that he suffered from disabling pain, and they provide substantial evidence to support the ALJ's decision to discount Brown's testimony.

**B.**

Brown argues next that the Appeals Council failed to review evidence he submitted on appeal. Doc. 9 at 6. In general, a claimant may present new evidence in support of his application at each stage of the administrative process. *Ingram v. Comm'r of Soc. Sec. Admin*, 496 F.3d 1253, 1261 (11th Cir. 2007) (citing 20 C.F.R. § 404.900(b)). Thus, a claimant may present new evidence to the Appeals Council, and the Council will review the claimant's case if it "receives additional evidence that is new, material, and relates to the period on or before the date of the [ALJ's] decision . . . ." 20 C.F.R. § 404.970(a). "Evidence is material if a reasonable possibility exists that the evidence would change the administrative result." *Hargress v. Soc. Sec. Admin, Comm'r*, 883 F.3d 1302, 1309 (11th Cir. 2018) (citing *Washington v. Soc. Sec. Admin.*, 806 F.3d 1317, 1320 (11th Cir. 2015)). "[W]hen a claimant properly presents new evidence to the Appeals Council, a reviewing court must consider whether that new evidence renders the denial of benefits erroneous." *Ingram*, 496 F.3d at 1262.

At issue here are treatment records from Stringfellow Memorial Hospital. R. 8-11. These new records are dated January 1, 2019 and show a diagnosis of Diabetic Ketoacidosis, but they do not indicate that Brown had that condition prior to date of the ALJ's decision, or that the condition caused any limitations prior to that date. R. 8-11. In other words, the records describe Brown's condition at the time of treatment, i.e., after the ALJ's decision, and are not chronologically relevant. *See Hargress*, 883 F.3d at 1309-10. Thus, the Appeals Council properly found that the records do not relate to the period at issue and, therefore, would not affect the ALJ's decision. R. 2. Simply put, the records Brown submitted do not show that the ALJ's decision is contrary to the weight of the evidence, and the Appeals Council did not err by denying review. *See Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 785 (11th Cir. 2014) .

## C.

Finally, Brown contends that the ALJ's decision related to his RFC and ability to perform light work is not based on substantial evidence. *See* docs. 7 at 14; 9 at 7. To find that the claimant is not disabled, the ALJ must show that other jobs exist in significant numbers in the national economy that the claimant can perform. *See Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002); 20 C.F.R. § 404.1512(b)(3). The ALJ may satisfy that burden by relying on the testimony of a VE. *Wilson*, 284 F.3d at 1227 (citing *Wolfe v. Chater*, 86 F.3d 1072, 1077-78 (11th

Cir. 1996)). But, "[i]n order for a [VE]'s testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Id.* (citing *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999)).

Here, the ALJ asked the VE whether jobs exist that an individual with Brown's age, education, work history, and RFC could perform, and the VE identified numerous jobs, including assemblers, electronics workers, and mail clerks. R. 75. Brown contends that the ALJ erred by finding he has the RFC to perform a modified range of light work. *See* docs. 7; 9. However, Brown does not specify what the ALJ failed to consider, or identify what evidence is contrary to the ALJ's determination of Brown's RFC. *See id.* Thus, "[b]y failing to specify which aspect of the ALJ's decision was incorrect or unsupported by substantial evidence, [Brown] has abandoned any challenge to the factual accuracy of the ALJ's conclusion." *Jackson v. Soc. Sec. Admin., Comm'r*, 779 F. App'x 681, 684 (11th Cir. 2019) (citing *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014)).

Moreover, substantial evidence supports the ALJ's determination of Brown's RFC. First, in December 2016, Dr. Thomas G. Amason, an agency medical consultant, opined that, based on a review of Brown's medical records, Brown had an RFC to perform a range of medium work. R. 85-86. The ALJ gave Dr. Amason's opinion only partial weight because she found that evidence at the hearing indicated that Brown was more limited. R. 28. In addition, as discussed above, Brown's

medical records show that he consistently had normal gait, motor function, and strength during the relevant time, and that Brown denied joint pain, back pain, and difficulty walking. *See* pp. 8-9, *supra.* Contrary to Brown's contentions, this evidence supports the ALJ's RFC determination.

## VI.

It is evident that Brown believes the evidence supports a contrary finding and that he disagrees with the ALJ's ruling on the merits. However, the ALJ's decision reveals that "[s]he did consider all of the evidence and found that it did not support the level of disability [Brown] claimed." *Freeman v. Barnhart*, 220 Fed. Appx. 957, 960 (11th Cir. 2007). Therefore, the court concludes that the ALJ's determination that Brown is not disabled is supported by substantial evidence, and the ALJ applied proper legal standards in reaching her decision. The Commissioner's final decision is due to be affirmed. A separate order will be entered.

**DONE** the 25th day of August, 2020.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE